MERRILL v. JONES.

1. When there is a final settlement of a solvent estate, by the administrator before the county Court, the administrator, on the one side, and all those claiming distribution, on the other, are necessary parties to the settlement.

2. In such a case, the distributees, named in the judgment of the county Court, occupy the position of joint plaintiffs, not because their interests are necessarily joint, but because such judgments arise out of the same proceedings, and the case cannot be removed piece-meal into an appellate Court.

3. When the writ of error in such a case is sued out by one only, when several persons are declared distributees by the judgment of the county Court, the appellate Court has no jurisdiction, and should dismiss the writ of error.

4. If the Circuit Court reverses a judgment of the county Court, on such a writ of error, the reversal is irregular and the judgment of reversal will be reversed, and the case remanded, with instructions to dismiss the writ of error.

Writ of error to the Cricuit Court of Covington County.

This case had its origin in the county Court, in which Jones appeared, and claimed to be one of the distributees of Benjamin Merrill, deceased, and suggested that Jacob Merrill, the

administrator of the said Benjamin Merill, had certain slaves belonging to the estate, which had not been accounted for by him, and prayed that the said administrator might be cited to appear, and make a final senttlement of the estate,

The administrator appeared to the citation issued on this suggestion; and an issue was made between these parties, and a verdict rendered in favor of Jones. On this verdict the county Court made an interlocutory order. See Merrill v. Jones, 8 Porter, 554; directing the administrator to make distribution of the slaves among the distributees,

Afterwards, a final settlement of the estate was made at the instance of the administrator. The decree for final settlement ascertained that, one thousand three hundred and eighty-eight dollars and fifteen cents, was due from the administrator, to the distributees, and directed this sum to be equally distributed between Samuel T. Jones and his wife Rachel; Rachel Merrill, widow of the deceased, and Jacob Merrill, the administrator, in right of his wife, Hillard Merrill. Judgment against the administrator was entered in favor of the two first named distributees, for the several sums of four hundred and sixty-two dollars seventy-one cents each, and the administsator is directed to retain his own share.

A writ of error was issued by the clerk of the Circuit Court, which recites, " that because, in the record and proceedings, and also, in the giving of judgment in the Orphan's Court in the settlement and hearings of the estate Benjamin Merrill, deceased, manifest error has intervened, as it is alledged," Therefore, the clerk of the county Court, was commanded to certify the record into the Circuit Court, that the error, if any, might be corrected. In the Circuit Court errors were assigned, which insist that the county Court erred in making a final settlement, without causing him to bring into the settlement the slaves directed to be distributed by the previous order.

The Circuit Court reversed the judgment of the county Court, and remanded the case for further proceedings.

Throughout the transcript, the case is entitled as Samuel T. Jones v. Jacob Merrill, and this is the only indication of the names of the parties in the Circuit Court.

Merrill, now prosecutes his writ of error to this Court, and assigns that the Circuit Court erred in reversing the judgment of the county Court.

Cook, for the plaintiff in error.
Bolling, for the defendant.

GOLDTHWAITE, J.—1. In all proceedings for the final settlement of a solvent estate before the county Court, though the administrator may be cited by any one of the distributees, the parties to the final decree must necessarily be the administrator, on the one side, and the distributees on the other.

2. The distributees named in the judgment of the county Court, occupy the position of joint plaintiffs, not because their interests are necessarily joint, but because the judgment arises out of the same proceedings. A similar practice must prevail in cases of the description as that adopted in Chancery cases. In Cullum v. Batre, 1 Ala. Rep. 126; we settled the rule applicable to defendants in Chancery when a decree is sought to be revised by them, when the decree is against more defendants than one, though the writ of error may be sued out in the names of all by any one of them, the case cannot be removed piece-meal, but must be reversed or affirmed in such a manner as to preserve the unity of the suit. So, in the present case, although, the judgment of the county Court is several in its terms against the administrator in favor of each of the distributees, it is evident, if the decree for final settlement is reversed, it must necessarily affect all of the distributees; or the unity of the proceedings must be destroyed; hence results the necessity, that all the distributees in whose favor decrees are pronounced, should join in the writ of error.

3. We gather from the recitals of this record, that there were three persons entitled to distribution of this estate,—Samuel T. Jones in right of his wife, Rachel; Rachel Merrill the widow of the deceased; and the administrator himself. The proceedings are all entitled in the name of Jones alone. The writ of error could have been sued out by Jones and his wife jointly, with Rachel Merrill, or by them alone, but using the name of the co-distributee. The writ of error was improperly

·issued in this case, and no parties are made in the Circuit Court, either as plaintiffs or defendants. The Circuit Court had no proper jurisdiction of the case, and should have dismissed it, unless a proper writ of error had been substituted.

4. As the Circuit Court had no jurisdiction of the case, in the manner in which it was presented, it is obvious, that this Court cannot affirm a decree, which has nothing to support it. We may remark, that there was no exception taken to the judgment of the county Court; and, if the slaves directed to be distributed by the interlocutory order, were not brought into the settlement, this fact does not appear upon the record, either in the action of the Court, when the final settlement was had·; or by the exception of those interested. It is doubtful, therefore, if the decree of the County Court was shewn to be erroneous. However, this may be, it is certain, that the proper course was to dismiss the writ of error. We therefore reverse the judgment of reversal, and remand the case, with instructions to dismiss the writ of error, unless the parties shall agree to substitute such a one as will give jurisdiction to the Circuit Court.