## BOOKER'S Ex'rs. v. JEMISON AND STEWART.

1. A decree of the Orphans' Court was rendered between the same parties, that a certain sum be paid by the one party to the other as guardians, &c. that another sum be paid them for services, and that a further sum be paid them for monies advanced, and concludes by ordering that executions issue for these several sums—*Held,* that a writ of error which proposes to revise the decree in respect to one only of the sums adjudged to be paid, cannot be sustained; but to authorize an appellate Court to take jurisdiction the entire decree should be brought up.

WRIT of Error to the Orphans' Court of Pickens.

The decree complained of, adjudges that the sum of four thousand one hundred and one dollars and sixty-one cents, should be paid by the plaintiffs in error to the defendants, as guardians of Edith M. Booker; further, the sum of seven hundred and twenty dollars and thirty-seven cents should be paid them as a compensation for services, &c.; and lastly, the sum of one thousand six hundred and fourteen dollars and seventy-seven cents should be paid them for moneys advanced, &c. The decree concludes thus: "Ordered that executions may issue for the aforesaid several sums of money." The writ of error only complains of the decree, so far as it directs the payment of four thousand one hundred and one dollars and sixty-one cents, and the defendants now move to dismiss the same as irregular.

CRABB, with whom was COCHRAN, for the motion.
J. B. CLARK, contra.

COLLIER, C. J.—It is well settled that where a judgment is given against several, any one of them may sue out a writ of error, but this must be done in the name of all. [1 Arch. Prac. 232, and cases there cited; Caller v. Brittain, Minor's Rep. 27; Eastland v. Jones et al, id. 275; Tombeckbee v. Freeman, id. 285; Adams v. Robinson, ibid; Burn et al v. McLean, id. 208; Jameson v. Colburn, 1 Stew. & P. Rep. 253.] In

Billinslea v. Abercrombie, [2 Stew. & Por. Rep. 24,] one of several legatees prosecuted a writ of error in his own name from a decree of the Orphans' Court distributing the testator's estate among all of them. The Court said, "Our statute does not define who are to be parties to such a writ of error, or appeal, but it is believed that it is so well established by the uniform practice of Courts, that all who are to be affected by the judgment, or order, so sought to be reversed, should in some way be made parties; that it does not require the aid of any express legislative enactment to secure this privilege. All of the legatees who were satisfied with the order of distribution, were interested in supporting it, and had as strong claims to be heard before the order should be reversed, as Thomas Abercrombie, the one selected as a defendant." To the same effect is the case of Merrill v. Jones, [2 Ala. Rep. 192.] This rule is founded in convenience, and calculated to expedite the administration of justice; for if each one of the parties who supposed himself aggrieved by a judgment or decree, could bring a writ of error by himself, the judgment might be suspended in its operation until it had been affirmed once or oftener.

At the common law, a writ of error had the effect, when allowed to supersede the execution, if it had not been levied, and it removed the record to the appellate Court. [1 Arch. Practice, 233, et post.] This being its effect, a writ of error which removed part of the cause, could not be sustained. If the law were otherwise one decision would not terminate litigation, where a decree directed the payment of several sums of money, but in order to its affirmance *in toto*, distinct writs of error might be brought to revise the propriety of the direction of the payment of each sum. Such a course of procedure would be quite as objectionable as the prosecution of separate writs by each of several defendants.

In Dale v. Mosely, [4 Stew. & P. Rep. 371,] which was the trial of the right of property, a writ of *fieri facias* had been levied on two slaves as the property of a third person; they were claimed by the plaintiff, and a verdict found against his claim. A new trial on motion of the claimant was granted as to one of the slaves and refused as to the other. To review

the judgment so far as it was not set aside plaintiff sued a writ of error. The defendant moved to dismiss the writ of error, and the Court said, "After issue had been formed, and a verdict on it, we believe that the Court below had no authority to sever the matter put in issue and found by the jury; that the new trial should have been entire, or not at all. We believe it would have been competent for the Court below to have offered the complainant his choice, to take a new trial for one of the slaves, on condition of his relinquishing his claim to the other. But this was not done, and the consequence is, that the claimant has sought to reverse the judgment of condemnation against the one whilst the suit as to the other remains undetermined. The claimant was not compelled to accept the new trial; he might then have brought the whole case up." It is then concluded that the writ of error should be dismissed.

The right to bring error upon a decree of the Orphans' Court is given by a statute, which enacts that "from any judgment or order final, whether in vacation or term time, an appeal or writ of error shall lie to the Circuit or Supreme Court, in the same manner as upon judgments of the Circuit Courts." [Aik. Dig. 246.] But for this act it might well be questioned whether a decree of the Orphans' Court would be revisable on error, if, as has repeatedly been decided, it is a general rule, that where a new jurisdiction is created by statute, and the Court exercising it proceeds in a summary method, or in a course different from the common law, a *certiorari* is the only proper remedy. [1 Arch. Prac. 229; *Ex parte* Tarlton, 2 Ala. Rep. N. S. 35.] But whether considered with or without a reference to the statute, no writ of error can be sustained in this case, which does not remove to the appellate Court the decree *in toto*.

In the case at bar, both the plaintiffs and defendants are parties to the entire decree. The first order therein, which ascertains the sum of four thousand one hundred and one dollars and sixty-one cents to be due to the defendants as guardians of Edith M. Booker, and directs it to be paid to them in that character, is in their favor, and might be collected by an execution which omitted to describe them as guar-

dians. Although the decree directs that executions may issue, &c. we think it would be entirely competent, and perhaps the only regular mode to coerce payment, to issue one execution for the several sums. It is not pretended that the decree may not be removed by a single writ of error, and we think it is not allowable to issue several. The consequence is, the writ of error must be dismissed.