## DAVIS v. DAVIS, ET AL.

1. The statute requiring the judge of the county court to appoint not less than one day in each month, to hear and determine such cases as are cognizable in vacation, if a decree is made in vacation in such a case, it will be intended that it was rendered at a regular return day, where the record shows nothing to the contrary.

2. Where the parties who are seeking a settlement of the executors by the orphans' court, are described in the record as legatees, their interest is sufficiently shown, though not formally propounded.

3. The act which requires notice to be published, &c. when an executor's account will be reported for allowance by the judge of the orphans' court, is for the benefit of creditors, &c., and an executor cannot object on error that publication was not regularly made.

4. Where several legatees are entitled to recover distinct sums of the executor, the decree should be in favor of each for his share, and not for a consolidated amount in favor of all.

5. It is no objection to a decree of the orphans' court on final settlement of an executor's account, that it authorizes an execution to issue de bonis propriis.

6. The statute which requires the execution of a refunding bond, where a legatee petitions the orphans' court for his legacy, does not apply where the executor finally settles his accounts.

WRIT of error to the Orphanss' Court of Baldwin.

The writ of error brings here for revision, a decree which is in the following words:

"The State of Alabama, } Orphans' Court, in vacation. Held on
Baldwin county.      }      the 3d day of Feb. A. D. 1841.

This day came Joseph W. Davis, executor of the last will and testament of Benjamin Davis, deceased, and D. R. W. Davis, and

Joseph P. Davis, and Frances M. Davis, and Sarah Ann Davis, by their attornies in fact, the said Joseph P. Davis, and Rachel Ellison and Jennett Johnson, by her attorney in fact, D. R. W. Davis, and prayed the court for a final settlement of said estate. The said executor having made his return and filed his vouchers, the court after examination allows such as are embraced in the account of settlement hereto annexed, marked (A,) from which it appears that the disbursements amount to the sum of fifteen hundred and seventy-five dollars and forty-eight and a half cents, and the receipts to the sum of one hundred and seventy-seven dollars and fifty-five and a half cents. The court orders, adjudges and decrees, that after the receipts be applied in the payment of the disbursements, that the balance be paid by the different legatees, in proportion to their respective legacies. And, the same having been agreed upon by the parties, the court orders, adjudges and decrees, that D. R. W. Davis pay five hundred and nineteen dollars, that Joseph P. Davis, Frances M. Davis and Sarah Ann Davis, pay four hundred and eighty-two dollars, that Rachel Ellison pay two hundred and forty-four dollars, and that Jennett Johnson pay one hundred and fifty-three dollars. And it is further ordered, adjudged and decreed, that the said Joseph W. Davis pay to the said Joseph P. Davis, Frances M. Davis and Sarah Ann Davis, the sum of twelve hundred and eleven dollars and thirteen cents, the balance found due, the said legatees, after the payment of their proportion of the debts—and it appearing by the settlement of the said executor and other proofs, to the satisfaction of the court, that the said Joseph W. Davis, executor as aforesaid, has used the legacy and fund of the said Joseph W. Davis, Frances M. Davis and Sarah Ann Davis, it is further ordered, adjudged and decreed, that they receive and recover of the said Joseph W. Davis, interest on the balance due the said Joseph P. Davis, Frances M. Davis and Sarah Ann Davis, from the first day of January, 1838."

Blount, for the plaintiff in error—made the following points: 1. It does not appear that the decree was made at a regular term of the orphans' court, or on a day in vacation, designated according to law. [Clay's Dig. 303, § 31.] 2. The record does not show who were the legatees of the plaintiff's testator, or that they were all in court, either in person or by attorney. [Horn v. Grayson,

7 Porter's Rep. 270.]   3. The accounts and vouchers of the executor, were not presented for examination, statement and allowance, and notice thereof given forty days previous to the rendition of the decree; but the court acted finally, upon the presentment of the accounts.   [Horn v. Grayson *ut supra*, Clay's Dig. 226, § 27, 304, § 38.]   4. The judgment is joint in favor of three, instead of ascertaining the sum severally due each. [Clay's Dig. 304, 305, § 42–3–4.]   5. The decree, is rendered against the executor in his individunl, instead of his representative character.   [Toller's Ex'rs, 264; Hogg v. White's adm'r, Hayw. Rep. 298.]   6. The decree does not require the legatees or distributees to execute a refunding bond. [Clay's Dig. 196, § 23–4.]

No counsel appeared for the defendant.

COLLIER, C. J.—1. In Doe *ex dem.* Duval's heirs v. McLoskey, [1 Ala. Rep 733,] it was held that it would be intended on error, that a decree of the orphans' court was made on a day when the court could have been regularly holden—the reverse not appearing, it must be presumed it was made in conformity to the statute.   The decree in the case before us, was made on a day in vacation, and the subject is such as the judge of the county court is authorised to adjudicate out of term time—in fact, by the fifth section of the act of 1821, [Clay's Dig. 303,] he is required by order made in open court, to appoint certain days, *"not less than one day in every period of each month,"* for the return of process, and shall then hear and determine such cases as he is competent to hear and determine in vacation.   The case cited is an authority to show that the record of a cause when brought here, need not show affirmatively, that the day when the decree was rendered, was thus appointed.

2. The case of Merrill v. Jones, [2 Ala. Rep. 192,] determines, that in all proceedings for the final settlement of a solvent estate before an orphans' court, the parties to the decree must necessarily be the executor or administrator on one side, and the distributees on the other.   And in Portis v. Creagh, ex'r, [4 Porter's Rep. 341,] it was decided that it should be shewn at whose instance the settlement of the testator's estate was required to be made—who was the executor, and who claimed to be interested in the will, and in what shares or proportions.

It is inferrable from the decree in the case before us, that the executor and the legatees were parties to the proceedings in the orphans' court, that they voluntarily appeared, the latter moving the court that the estate of the testator might be finally settled, and the executor filing his account and vouchers, that the court might make such settlement. The parties who moved against the executor, do not formally propound their interest, or otherwise state the character in which they ask the action of the court, but the decree shows that they are legatees, and this must be regarded as substantially sufficient. In the absence of any thing in the record from which it can be inferred that there are persons entitled to claim under the will, whose names are not mentioned in the decree, it must be intended that all the legatees were before the court; especially as the contrary presumption, instead of sustaining, would lead to a reversal of the proceeding.

3. It is true, the act of 1806, [Clay's Dig. 226, § 27,] directs that the judge of the county court shall take, receive and audit all accounts of executors, &c. and after examining and auditing them, and causing them to be properly stated, shall report the same for allowance to the next term of the orphans' court: _And further_, that 40 day's notice shall be given, &c. of the time when the account will be reported, &c. [See Taylor and wife, et als. v. Reese, adm'r, 4 Ala. Rep. 121.] In Williamson, et al. v. Hill, [6 Porter's Rep. 184,] this court says, that it is not for an executor or administrator to object, that the notice contemplated by the act cited, was not given; that it was not intended for the advantage of the personal representative, but for the benefit of creditors, distributees, &c. Even if the settlement was not made by consent, this case is a decisive authority to shew that the third objection is not well taken.

4. The act of 1830, enacts that all decrees made by the orphans' court on the final settlement of the accounts of executors, &c. shall have the force and effect of judgments at law, and executions may issue thereon for the collection of the several amounts against the executor, &c. [Clay's Dig. 304, § 42.] And the act of 1832, provides that on such settlement the orphans' court shall insert in its decree the amount of each distributive share. [Id. 305, § 44.] It is clear, that the decree in the present case, is objectionable in being rendered for an entire sum in favor of all of the legatees. This conclusion is deducible from the statutes ci-

ted, and perhaps would have followed independently of them, from the fact that the interest of the legatees is several. It may be supposed that the executor should not be permitted to urge this objection as he is only made liable *in solido* to the aggregate of the sums due each of the legatees. But the decree cannot be sustained by such an argument. If the record of a cause shews that a judgment has been recovered by one in whom the right of action was not vested, the judgment would be reversible on error. Here each of the legatees is entitled to one third of the sum which has been adjudged to the three, and each may be said to have obtained a decree in his favor for a sum two thirds greater than he is entitled to. Neither each, or all of them jointly, have a right to the sum expressed in the decree, and its payment cannot be enforced by the process of the orphans' court.

5. In respect to the fifth point, we think it is entirely regular to render a decree against an executor on final settlement, so as to authorise an execution *de bonis propriis.* He either admits himself, or the court ascertains by evidence, that he has assets in his hands belonging to the testator's estate. Under such circumstances, he is personally liable, either because he has appropriated or otherwise disposed of money or property to which the creditors or other persons interested in the estate, are entitled; and hence a decree which authorises the seizure and sale of the executor's property is obviously proper.

6. It is further objected, that the decree is erroneous, because it does not require the legatees to execute a bond, conditioned to refund in the event of any demands afterwards appearing against the testator's estate. [Clay's Dig. 196.] The statute which requires such a bond to be executed, applies only where a legatee or distributee petitions the orphans' court for his legacy, or distributive share, after the expiration of eighteen months, from the qualification of the executor, or administrator. Where the estate is finally settled, no such requisition is made of the legatee.

We cannot forego the remark that the record in the present case is exceedingly meagre. It does not discover the ground upon which the three legatees who have a decree in their favor are entitled to recover—neither the will, inventory or other paper are found in the transcript to give information on this point. The decree itself wants precision in omitting to affirm the facts necessary to sustain it, and especially in not shewing how the executor

became liable to pay the sum adjudged against him. But these defects are not brought to our view by the assignment of errors.

For the fourth objection made by the plaintiff in error, the decree of the orphans' court is reversed, and the cause remanded.