# SANKEY'S EX'RS v. SANKEYS DISTRIBUTEES.

1. The proceedings in a testamentary cause being reversed back to an account of distributable assets, in a contest between distributees and executors, it was remanded, that a guardian should be appointed to an infant dis-

76

tributee, with leave to the guardian to investigate the accounts; Held, that the privilege did not extend to the executor, he being named as the testamentary guardian, and after the return of the suit the Court below, qualifying as such.

2. As soon as the fact was disclosed that the infant distributee was represented by the executor, the parties were complete, and the Court should have proceeded to render judgment on the former verdict; which, under these circumstances, it was irregular to set aside.

3. But the party having proceeded and obtained another verdict and judgment, is responsible for any errors they may contain until the irregular proceedings are set aside.

4. It is erroneous to render a joint judgment in favor of all the distributees. The proper judgment is a several one for the amount coming to each, and if an infant is represented by the executor, as guardian, he should be permitted to retain his ward's portion.

5. After a judgment, upon irregular proceedings is reversed, the whole record may be corrected by the judgment of the appellate Court.

Writ of Error to the Circuit Court of Montgomery county.

This proceeding is on behalf of the distributees of Sankey against his executors, to compel a distribution of the assets of his estate. The cause was here at a former term, [see 6 Ala. Rep. 607,] when the decree was reversed because no guardian *ad litem* had been appointed for one of the infant parties interested in the distribution, and because the decree, in part, was rendered in favor of such guardian as should thereafter be appointed. The cause was remanded for further proceedings, to be had in conformity with the opinion then pronounced, which held the proceedings regular down to the ascertainment of the amount in the hands of the executors, and only the decree was reversed, unless the guardian of the minor, afterwards to be appointed, should desire a re-investigation of the accounts of the executors.

When the cause returned to the Orphans' Court, James B. Stephens, one of the executors, was qualified as the testamentary guardian of the minor, and as such guardian proposed to enter upon a re-investigation of the accounts of the executors. This was objected to by the other distributee, but the Court overruled the objection. A jury being demanded, an issue was formed, between Ann Sankey, by her guardian James B. Stephens, and John Elsbury, administrator of Patience Elsbury, against James B. Stephens and James C. Sankey, executors of John Sankey.

A verdict was returned in favor of the distributees, and a joint judgment rendered in their favor against Stephens, for the sum ascertained by the verdict, and against Sankey for the sum appearing due from his account, which the parties admitted as correct.

Upon the trial of the issue, exceptions were taken by Stephens to the admission of certain evidence, and several instructions given by the Court; also, to the refusal to give certain instructions asked for by Stephens.

These matters of exception are here assigned as error, but are unnecessary to be recited, as the judgment of the Court proceeds on reasons independent of them, It is also assigned as error, that the judgment is joint in favor of all the distributees, when it should be several, for the amount due to each one.

HAYNE, for the defendant in error, insisted, that the verdict ought not to be disturbed, it varying slightly only from the one formerly given, and as the re-investigation of the accounts was not in conformity with the previous judgment of this Court.

ELMORE, for the plaintiffs in error, in answer to this objection, insisted that the Court below had the discretion to open the investigation of the account, and was right in doing so; [Hill v. Hill's ex'rs, 6 Ala. Rep. 166,] as otherwise manifest injustice would be done, it being now apparent that the contest is with respect to matters for which the executor is in no manner chargeable.

GOLDTHWAITE, J.—1. When this cause was here at a former term, the judgment then existing was reversed for several reasons, but the proceedings in the Court below were considered regular down to the ascertainment of the amount of the assets in the hands of the executors; the cause was then remanded, that a proper judgment might be rendered, when a guardian should be appointed to the infant distributee, and the privilege was reserved to the guardian to reinvestigate the accounts of the executors, if he should so elect. [6 Ala. Rep. 607.]

It now appears that the executor contesting the settlement was named as the testamentary guardian of the infant, and he having qualified as such, after the return of the cause to the Court below, in that capacity, he moved to set aside the accounts already stat-

ed and ascertained, between himself as executor, and Elsbury as the representative of the sole remaining distributee, which the Court allowed.

2. As soon as the fact was disclosed, that the infant distributee was represented by the same person as guardian with whom the settlement was to be made as executor, all the necessary parties were before the Court to enable it to proceed to a final settlement of the estate, and the opening of the account was evidently not warranted by the opinion delivered when the cause was here before. The privilege reserved to the guardian of the infant distributee, was for the benefit of the ward, and ought not to be used but for this purpose. As the case stood, the presence of this party was necessary, not only that the unity of the cause should be preserved, but a settlement under the provisions of the statute may be compelled, on the petition of any one of those entitled to distribution. [Digest, 196, § 23, 24 ; Ib. 229, § 41, 43 ; see also Merrel v. Jones, 2 Ala. Rep. 192; Davis v. Davis, 6 Ib. 611.] After the disclosure that the infant distributee was represented by one of the executors, it was clear that Elsbury was the only person competent to contest the accounts, and those having been ascertained by the verdict between him and Stephens should not have been disturbed. We do not doubt that the Orphans' as well as any other Court, invested with the authority to ascertain facts by means of a jury, may set aside their verdict, but it must be done during the same term of the Court at which it is rendered, unless the motion to set it aside be continued until another term.

3. It seems then that all the proceedings subsequent to the reversal, are irregular, and Elsbury would be entitled to set them aside or have them vacated, on a proper application to this Court, and possibly likewise upon an application to the Court below. No such application having been made, and the judgment remaining in force against Stephens and the other executor, they are entitled to consider the errors which are inherent to it; and if they can, to reverse it, In this view, all of the errors assigned would be examinable.

4. Under the circumstances of this case there is now no way in which the accounts between Stephens and Elsbury can be properly re-examined in the Orphans' Court, it will therefore be immaterial to examine the points made upon the second trial, if there

is any error in the judgment sufficient to reverse it, because Elsbury is entitled to be placed in the same condition as he was, when the Court irregularly set aside the verdict in his favor.

The judgment is joint in favor of Elsbury, as the administrator of his wife, and in favor of the infant ward for the whole of the distributable assets, when it should have been in his favor for one-half only of that sum. The executor Stephens should have been permitted to retain the other half as the guardian of his ward. And as between him and his co-executor, a judgment should have been given for the one-half of the assets to be distributed in that quarter.

5. Under this view, the proceedings of the Orphans' Court must be reversed back to the first settlement, and a judgment rendered in the Court below on that, in conformity with this opinion.