## TREADWELL, GUARDIAN, &c. v. BURDEN, ADM'R.

1. Where a guardian voluntarily files his accounts for final settlement, with the Orphans' Court, he cannot object on error, that the publication required by the statute was not made—the notice contemplated by the act being intended for the benefit of the ward, or others interested in the settlement.

2. All decrees made by the Orphans' Court, upon the final settlement of the accounts of the guardians of idiots, lunatics, and others, have the force and effect of judgments at law, and execution may issue for the amount ascertained to be due. against the guardian: And when an execution issued on such decree, shall be returned by the sheriff "not found," gene-

rally, or as to a part thereof, execution may forthwith issue against the sureties of the guardian.

3. In settling the accounts of a guardian, it is not competent for the Orphans' Court to render a decree against his sureties; and such is not the effect of a decree, which declares that a guardian and his sureties, (without designating them by name,) shall be charged with the amount ascertained to be due, and made liable to the administrator of his ward, " for which he is authorized to proceed in the collection according to law;" such a decree does not impair the rights of the sureties to make them parties. And if an execution issue against the sureties it may be arrested by *supersedeas,* and quashed, but the sureties cannot join the guardian in prosecuting a writ of error to revise the decree.

Writ of Error to the Orphans' Court of Randolph.

The facts in this case as shown by the record are as follows: On the 27th December, 1842, Sarah Treadwell applied for letters of guardianship of the estate of Stephen Treadwell, a lunatic, which were granted upon her entering into a bond with sureties, as required by law in such cases; and on the 3d January, 1843, filed in the Orphans' Court a return of the notes and accounts of the lunatic, which being stated and examined, were ordered to be recorded.

On the 7th February, 1843, the guardian made a return of her account with the lunatic's estate, which was examined, received, and ordered to be entered of record.

An order was made the fifth of September, 1843, reciting that Sarah Treadwell, guardian of Stephen Treadwell, deceased, who when in life was *non compos mentis,* had filed her account for final settlement; that the first Monday in October was set apart, and that the clerk would issue citations to the heirs of the decedent, notifying them thereof, that they might appear and defend, &c. Accordingly, on the first day of October a final decree was rendered, reciting that a *deficit* in the assets of the estate appeared to the amount of $80 26, as rendered by the guardian, and ordering that herself and sureties be charged with that *deficit,* and made liable to the administrator of the decedent's estate, and that "he is authorized to proceed in its collection according to law." *Further,* "that the said Sarah Treadwell, guardian, &c. surrender to James Burden, administrator of said estate, all the effects belonging to the same now in her hands."

An execution in the form of a *fieri facsas* was issued on the 30th January, 1844, against the guardian and her sureties, requiring the deficit of $80 26, to be made, &c. This execution was superseded upon a writ of error being sued out by the guardian and her sureties, and a bond executed for its prosecution, &c.

J. FALKNER, for the plaintiffs in error.
T. D. CLARKE, for the defendants.

COLLIER, C. J.—It is assigned for error—1. That the Orphans' Court disallowed the account of the guardian, returned the 7th February, 1843, and rejected other accounts. 2. That there was no notice shown in the record, either by advertisement or otherwise, and consequently no parties to the settlement. 3. The decree is uncertain and void.

1. The first assignment is not sustained by the record. There was no exception taken to any decision of the Orphans' Court, and it does not appear that the accounts of the guardian were not in all things allowed, as they were made out and filed by her.

2. In respect to the objection that there were no parties to the settlement, it appears that the guardian voluntarily filed her accounts and vouchers for final settlement. and she cannot be heard to object that the publication required by law was not made. In Davis v. Davis, et al. 6 Ala. Rep. 614, we considered the effect of the act of 1806, (Clay's Dig. 226, § 27,) which directs that the judge of the County Court shall take, receive and audit all accounts of guardians, &c., and after examining and auditing them, and causing them to be properly stated, shall report the same for allowance to the next term of the Orphans' Court : *And further*, that forty days notice shall be given, &c. of the time when the account will be reported, &c. We there re-affirmed the case of Williamson, et al. v. Hill, (6 Porter's Rep. 184,) and held, that it was not for an executor, or administrator to object that the no tice contemplated by the act was not given ; that notice was not intended for his benefit, but for creditors, distributees, &c. In Taylor and Wife, et al. v. Reese, Adm'r, 4 Ala. Rep. 121, it was said, that the object of the statute in requiring notice, is, " that those interested may have time and opportunity to examine the account, and come prepared to contest it."

The act of 1819 places the guardians of idiots and lunatics upon the same footing as guardians of orphans, and makes them subject to the same rules, orders and restrictions. [Clay's Dig. 302, § 29; and the statue of 1830 enacts, that "all decrees made by the Orphans' Court, on final settlement of accounts of executors, administrators and guardians, shall have the force and effect of judgments at law, and executions may issue thereon, for the collection of the several distributive amounts against snch executor, administrator or guardian. [Id. 304, § 42.] The act of 1832 provides, that whenever an execution issued on a decree of the Orphans' Court, on the final settlement of the accounts of a guardian, &c. shall be returned by the sheriff " not found," generally, or as to a part thereof, execution may forthwith issue against the sureties of such guardian, &c. [Clay's Dig. 315, § 45.] Under this latter enactment, it has been held, that it is not competent for the Orphans' Court to render a decree against the sureties upon the bond. [Clarke v. West, et al. 5 Ala. Rep. 117.]

In the present case, the decree is, that " Sarah Treadwell and sureties be charged with said deficit, and be made liable to the administrator of the estate of the said Stephen Treadwell, now deceased, for which he is authorized to proceed in the collection according to law." Assuming the premises as correct, (and the reverse is not shown,) the guardian and her sureties are chargeable with what she was in arrear to the estate of the deceased ward. The law, as we have already seen, points out the manner in which the collection is to be made, and the decree does not impair the rights of the sureties, or deprive them of any defence which they may be able to make. In fact, the sureties cannot be considered as parties to the decree—they are not mentioned eo nomine; but there is nothing more than a mere reiteration of what the law is, viz : that the guardian and her sureties are chargeable with her default. Such a decree does not authorize an execution against the persons who may appear to be the sureties, although it is competent to issue it against them, upon a return as prescribed by the statute, being made to an execution first issued against their principal.

The execution, if irregularly issued, (as it would seem it was,) should have been arrested by a supersedeas and quashed; the irregularity is not available on error. We have seen that the sureties eo nomine, are not parties to the decree, and consequen-

ly they cannot join their principal in a writ of error. The writ must then, be amended, so as to make the guardian the sole plaintiff, and the decree will be affirmed.