CROFT, Guardian, v. TERRELL et als.

1. The omission of the orphans' court to give notice, by publication, to a guardian, who has removed from the state, to file his accounts and vouchers for final settlement, is a fatal error, unless it is cured by the voluntary appearance of the party.

2. A decree of the orphans' court, against a guardian, which adjudges to the wards *jointly*, the aggregate sum found in his hands, is erroneous. It should designate the interest of each ward separately.

3. A decree for the interest of a married woman, in the distribution by the orphans' court, of funds in the hands of her guardian, should be in the names of the husband and wife, for the use of the wife.

Error to the Orphans' Court of Chambers. Before the Hon. Clement C. Forbes, Judge.

In this case, a petition was filed by defendants, praying that the plaintiff in error, as guardian of the heirs of John Terrell, deceased, and who had removed from the state, should be compelled to make settlement of his accounts. Two of the heirs were married women, and they and their respective husbands, together with the other heirs, who are adults, united in the petition. The court granted an order of publication, as the statute requires, but it does not appear the publication was ever made. At the hearing, the plaintiff in error appeared by attorney, as he had previously done in moving for and obtaining a continuance, and in crossing interrogatories, filed by the defendants. The plaintiff failing to state an account, the court did so, and ordered publication, which was duly made, notifying the plaintiff that unless he appeared, as therein directed, and show cause to the contrary, the account so stated by the court, would be allowed, and the plaintiff not appearing at the time specified, the court thereupon allowed the account so stated, amounting to $1078 12, and rendered a joint decree in favor of the husbands of the married wards, in right of their wives, and the other defendants in error, reciting in said decree that the plaintiff in error,

Croft v. Terrell.

was shown to be the guardian of said heirs, regularly appoint-
ed by said court.

Various errors are now assigned on the proceedings and de-
cree of the court; all of which are noticed in the opinion.

RICE and MORGAN, for plaintiff in error.

1. The notice was not given, which the statute requires,
as to guardians removed out of the state.   11 Ala. R. 461-4.
2. Judgment could not be rendered for an aggregate sum : the
interests of each of the wards is distinct. 3. Judgment should
have been rendered in the name of husband and wife, for the
use of the wife.   4. The record does not show that Croft
derived his appointment from the orphans' court of Cham-
bers county.

BAUGH, for the defendants in error.

COLLIER, C. J.—It appears from the record, that publi-
cation was ordered to be made for three months, as directed
by the act of 1843, (Clay's Dig. 230, § 47,) requiring the
plaintiff in error to file his accounts and vouchers for final
settlement ; but it is not shown that publication was made
according to the order.   The omission to discover that such
was the fact, would be a fatal error, but for the appearance of
the guardian, which we think would cure it.   Speight v.
Knight, 11 Ala. 461.   In respect to the notice consequent
upon a statement of the guardian's account, if any was ne-
cessary, it appears to have been given by three weeks' publi-
cation in a newspaper ; this was quite sufficient.   Clay's D.
226, sec. 27 ; Williamson et al. v. Hill, 6 Por. Rep. 184; Da-
vis v. Davis et al. 6 Ala. Rep. 611.

The assignment, which denies that it appears the guardian
derived his appointment from the orphans' court of Chambers,
is not sustained by the record, which expressly alleges the
reverse.   See, however, Speight v. Knight, 11 Ala. R. 461.

By the act of 1830, it is enacted, that all decrees made by
the orphans' court, on final settlements of guardians, &c.,
shall have the force and effect of judgments of law, and exe-
cutions may issue thereon for the collection of the several
distributive amounts : *Further,* each distributee, &c., shall

have his writ of execution or attachment against the guardian, &c. The act of 1832 provides, that on such settlement, the orphans' court " shall insert in their decree the amount of the several distributive shares." Clay's Dig. 304-5, § 42-3-4. In the case before us, the decree does not ascertain to what sum each of the distributees is entitled, but adjudges the aggregate amount in the guardian's hands, to all of them jointly. It is clear that such a decree does not conform to the statutes cited, and if it could be sustained, would leave the several interests of each for future adjustment. An execution would conform to the decree, and issue in the joint names of all of them ; or if one or more of them were to die, upon a regular suggestion of that fact, would issue in the names of the survivors, thus authorizing each to enforce the collection, not only of what was due to himself, but what belonged jointly to all. The settlement and decree against the guardian, should have severed the interests of the wards. Here is an irregularity which this court cannot correct, by an amendment making the decree several ; for it cannot be assumed that each of the wards is entitled to an equal proportion of what remains in the guardian's hands, and there is nothing in the record imparting information on the point.

In respect to the female wards who have married, the decree should be in favor of themselves and their husbands, severally, for the use of the wives ; and if any of the legatees are minors, they should be adjudged to recover by their guardians, but the record does not show such to be the condition of any of them. Key, adm'r of Seward v. Vaughn and wife et al., at this term. But if the decree was otherwise regular, this error would be here corrected, at the costs of the plaintiff in error.

For the errors noticed, the decree of the orphans' court is reversed, and the cause remanded.