## WRIGHT vs. CLOUGH.

1. Where the record of a proceeding in the Orphans' Court, under the act of 1843, to compel a settlement by a guardian who has removed from the State, contains an order of publication, a recital in the final decree, that the term to which the guardian was cited was a *regular* term of the court, and that it was "shown to the satisfaction of the court by competent and sufficient testimony that the publication required by law has been regularly and duly given," is sufficient to show a substantial compliance with the requirements of the statute.

2. In a proceeding under the act of 1843 to compel a guardian, who has removed from the State, to settle his accounts, it is error to render a final decree against him, upon his default, at the term to which he is cited to appear and at which the account against him is stated.

Error to the Orphans' Court of Dallas.

THIS was a proceeding in the Orphans' Court of Dallas, at the instance of the defendant against the plaintiff in error, who was his guardian, and who had removed from the State, to compel a settlement of his guardianship. The plaintiff in error having failed to appear in obedience to the notice given by publication, the court proceeded to state an account and to render a final decree against him at the same term. The errors assigned will be sufficiently understood by reference to the opinion.

EVANS, for the plaintiff in error:

1. It does not appear that the order for publication was made "upon the application of any person interested."

2. The order which was made and which was published (if any publication was made at all) required the guardian to ap-

pear and "show cause why an account should not be stated against him and his account finally settled, &c." The statute (Clay's Dig. 230, § 47) directs publication, "requiring said executor, administrator or guardian to file his accounts and vouchers for final settlement."

3. It does not appear that the guardian was cited to file his accounts "at a regular term of said court."

4. It does not appear that publication had been made in conformity with the statute. The statement in the record is, "that publication required by law in this case had been regularly and duly given and that all the proceedings therein had been regular." This shows nothing. It does not appear that it was published "in some newspaper in this State." It does not appear what was published, whether the order or something else, nor how long. Every thing necessary to give the court jurisdiction should appear upon the record—the facts should be stated so that it may be seen whether "all the proceedings therein had been regular" or not.

5. The statute never contemplated that the account should be stated and a final decree rendered at the same term. The proviso in this section and the second section of the same act is identical in both: "*Provided*, that if said executor, administrator or guardian shall appear and file his account and vouchers for settlement, and pay such costs as may have accrued in consequence of his defalcation, at any time before the final hearing of the *account stated as aforesaid and decree thereon*, it shall be the duty of the court to set aside the proceedings aforesaid and to audit and state the account filed by said executor, administrator or guardian." It is evident that the statute contemplates the lapse of some "time" between the "account stated" and the "decree thereon," otherwise the proviso is without meaning and ineffectual, for any purpose. This view is strengthened by the second section of the same act, where precisely the same proviso is inserted, and in which it is expressly directed that notice be given, &c. after the account has been stated.—Croft v. Terrell, 15 Ala. 652; Speight v. Knight, 11 ib. 461; Hughes v. Ringstaff, 11 ib. 563.

SAFFOLD, for the defendant:

The statute (Clay's Dig. 230, § 47) under which the pro-

ceeding was instituted required three months' notice to be given, and if the guardian did not appear, it became the duty of the judge to state an account against him "and proceed to settle and decree upon the same, *as now required by law.*" The only account that could be stated against him was to charge him with every thing that he had received. There was no necessity for stating the account after giving him three months' notice, and then give him an additional notice of forty days that the account would be allowed unless he brought in his account. Such notice is only required by statute of a guardian "*residing within this State.*"—See Clay's Dig. 230, § 48.

The forty days' notice required by statute (Clay's Dig. 229, § 41) was intended for the benefit of creditors, distributees and "*all persons concerned in adverse interest*" to the executor, administrator or guardian, and never was intended for his benefit, and therefore *he* cannot claim this additional notice.—See Davis v. Davis, 6 Ala. 611; Treadwell, guard. v. Burden, adm. 8 ib. 662; Williamson et al. v. Hill, 6 Port. R. 184, and other cases cited in these. It seems clear from these authorities that forty days' notice was only intended when the guardian comes forward and wishes his accounts settled. And, as in section 48, p. 230 of Digest, it is expressly said that when the guardian lives in the State, he shall have the second notice, and the section immediately preceding does not say so, and the forty days' notice has been decided not to apply to him. I think it clear he is not entitled to any other notice than the three months.— See the case of Hughes v. Ringstaff, 11 Ala. 563, in which the court say that the *second notice* was necessary, but you will see that the case before the court was one of a guardian *residing within the State*—a most material difference. The section 48, p. 230, expressly requires the notice. In the *other* case no *second* notice is required.

The act of 1843, under which this proceeding was had, has altered the law of 1806 (Clay's Dig. 226, § 27) requiring the judge to *audit* the accounts before the term for a final decree.— Steele v. Knox, 10 Ala. 612. As the sole object in giving the forty days' notice, by the act of 1806, (Clay's Dig. 226, § 27,) and the act of 1843 (ib. 229, §41,) *was to advise persons in adverse interest to the guardian*, what is to be gained and what is the reason of the law in giving notice, when the guardian

himself is called to an account?   When the reason ceases, the law also ceases.

Moreover, as in cases of guardians who have removed, a distinct section of the law is provided, which requires but one notice, it is to be presumed that but one notice was required.

CHILTON, J.—It is insisted that the order of publication is defective; 1st, because it does not require the guardian to file his accounts and vouchers; 2d, in his not being required to appear at a regular term of the Orphans' Court.  It is further insisted that the publication does not appear to have been properly made, and that conceding it to have been so made, that then the court transcended its authority in pronouncing final decree on the day designated in the publication.

The order of publication is as follows: "It appearing to the satisfaction of the court, that Jesse G. Wright, guardian of the person and estate of said minor, (Geo. W. Clough,) has removed beyond the jurisdiction of this court without settling his accounts with this court as such guardian : It is therefore ordered by the court, that the said Jesse G. Wright be cited by publication of this order in the Dallas Gazette, a newspaper printed and published in Dallas county, Alabama, for three months, to appear before this court on the second Monday in August next, to show cause why an account should not be stated against him and his accounts finally settled by the judge of said court under the statute in such case made and provided."   Upon the day designated in the foregoing order the court proceed to make a final decree, in which it is recited that "at a regular term of the Orphans' Court on that day held, the minor appeared by his next friend and having shown to the satisfaction of the court by competent and sufficient testimony that the publication required by law had been regularly and duly given, and that all the proceedings therein have been regular, and the said Jesse G. Wright, guardian aforesaid, not appearing, and it also appearing to the court that said guardian was properly chargeable with funds belonging to said minor in the sum of nine hundred and forty-five dollars and forty cents," &c.   The court then proceeded to render a decree for that sum and to award execution for the same.

The statute under which these proceedings were had requires

the judge of the Orphans' Court to cause notice to be given by advertisement, &c., requiring the guardian to file his accounts and vouchers for settlement at a regular term of said court to be holden not less than three months from the date of said notice, and if he fail to appear and file his accounts &c. for settlement, it is made the duty of said judge to state an account against him charging him with such amounts as shall appear to have come to his hands as guardian, "*and proceed to settle and decree upon the same as now required by law.*" Then follows a proviso that if the guardian shall appear and file his accounts and vouchers for settlement, and pay such costs as may have accrued in consequence of his defalcation, *before the final hearing of the account stated as aforesaid and decree thereon*, it shall be the duty of said court to set aside the proceedings aforesaid and to audit and state the account filed by said guardian in manner and form now required by law."

We think it sufficiently appears of record in this case that the term of the Orphans' Court at which the guardian was cited by the publication to appear, was a regular term of the court. Indeed the record expressly states that it was, and we are of opinion that the publication and the recital of the proof thereof is sufficiently shown, and amounts to a substantial compliance with the statute. The record recites that satisfactory and sufficient proof of publication was made, and as the order required to be published appears, we think the same rule which obtains in chancery cases in respect to decrees *pro confesso* against nonresident defendants equally applies to cases like the present, and by that rule this is deemed quite sufficient.—Butler v. Butler, 11 Ala. 668; Hartley v. Bloodgood, 16 ib. 233.

The act of 1843 which we have above cited, while it authorises the court upon the default of the guardian to appear and file his accounts and vouchers at the regular term to which he is cited, to proceed *ex parte* and state the account, evidently contemplates that no final decree shall be rendered at that term. Had such been the intention of the framers of the law, instead of saying that the judge should state the account at that term, charging the guardian, &c. "*and proceed to settle and decree upon the same as now required by law*," they would have made no reference to the then existing law, but have authorised the rendition of a decree final upon the account so stated at the

term. The law to which reference was evidently made in this enactment was the act of 1806, which so far as its provisions are not repealed by the subsequent statutes, must be regarded of force. By that the judge is to cause accounts after they are stated to be reported for allowance at the next term.—Clay's Dig. 226, § 27. The notice required to be given by the guardian, &c. by the act last cited, would not apply to a case situated like the present, as this was intended for the benefit of the ward, distributees, &c. and not for the protection of the guardian, as has been several times decided by this court. The guardian cannot therefore take advantage of the want of such notice being given, but the party only for whose benefit it was intended.—Davis v. Davis et al. 6 Ala. 611; Williamson v. Hill, 6 Port. R. 184; Treadwell, guard. v. Burden, adm'r, &c. 8 Ala. 660; Willis, adm'r, v. Willis' Distributees, 16 ib. 652. But although the guardian can take no advantage of the want of notice when the account will be heard and decreed upon finally, and being in default after the publication for him to produce his accounts and vouchers for final settlement as required by the act of 1843, is entitled to no further notice, yet he is entitled to have until the next term after that, to which he is cited in the publication, to come in (as is plainly indicated by the proviso to the act) before the *final decree* on the *account stated* at the previous term—to set aside the previous proceedings on the terms therein prescribed, and to have his accounts and vouchers filed and acted on by the court. Of this time to appear and place himself rightly before the court he has been deprived and may have suffered injury in consequence thereof. So that while the guardian cannot be heard to complain on error that he was not notified as required by the act of 1806, to come in and show cause why the account stated should not be allowed, he has a right to complain that the court deprived him of the time which elapsed between two terms of the Orphans' Court within which he could have filed his accounts and vouchers.

For this error the decree must be reversed and the cause remanded.