## BURT, use, &c. v. HUGHES.

1. When a credit indorsed on a note is erased before the assessment of damages by the clerk, on a judgment by default, the party is not entitled to a *supersedeas*.

2. And it is error upon such a showing to amend the judgment entry *nunc pro tunc*. The duty of the clerk is to enter the judgment according to the note, and if entered for more or less than the proper sum, it may be corrected, but if a credit is erased before judgment, the court cannot set up the erased credit.

Writ of Error to the Circuit Court of Benton.

SUPERSEDEAS, by Hughes against Burt, suing for the use of one Findley.

The petition sets forth that Burt, at the fall term of the circuit court of Benton county, for the year 1843, recovered a judgment by default against Hughes, for $160, besides costs. When the writ in that suit was served, the cause of action indorsed was a note for $119, due 17th, July, 1839, and a credit was stated on it of $54 90, as of the 19th November, 1842. Not choosing to enter a defence to the suit the petitioner allowed judgment to go by default, presuming the credit would be deducted from the sum of the note. Instead of this however, after it was ascertained no defence would be made, the plaintiff procured the attorney bringing the suit, to erase the credit from the note, and thus the judgment was entered for the full sum of the note. Burt, the nominal plaintiff is alledged to be entirely insolvent, and Findley is pressing execution for the entire amount of the judgment.

At the return term of the *supersedeas* the defendant in the original judgment, moved the court to correct the judgment *nunc pro tunc*. The judgment entry recites, " that it appeared from an inspection of the record, that the defendant is justly entitled to a credit of $54 90, which is indorsed on the back of the writ as having been paid to the plaintiff, and

credited on the back of the note, 19th November, 1842. Thereupon the court directed the proper judgment to be entered *nunc pro tunc*, for $107 47.

We learn from a bill of exceptions allowed at the hearing of this motion, that the plaintiff moved the court to dismiss the *supersedeas*, which the court refused.

The defendant then moved to correct the judgment of the previous term, and the only proof offered by him was the indorsement of the cause of action on the writ. The plaintiff thereupon offered to prove by parol, that the credit on the note sued upon was erased by the plaintiff's attorney after the commencement of the suit, by the request of both plaintiff and defendant. This proof was rejected on the ground of its being parol, and the court further refused to hear any parol proof from the plaintiff. It was admitted the note and the credit upon it were correctly described in the indorsement on the writ.

The plaintiff excepted to the ruling of the court, and now assigns—

1. The court erred in refusing to dismiss the *supersedeas*.

2. In setting aside the judgment of the previous term and entering another on the proof disclosed by the record.

S. F. RICE, for the plaintiff in error, insisted—

1. *Supersedeas* is the substitute for *audita querela*, and can be sued out only for matters arising after final judgment. [Lockhart v. McElroy, 4 Ala. Rep. 572 ; Stinnet v. Bank at Mobile, 9 Ib. 120.]

2. A judgment by default is the admission of the cause of action stated in the declaration, and has no reference to the writ. When judgment is entered in conformity with the declaration, it cannot be afterwards, at another term, changed or altered. [McGehee v. Greer, 7 Porter, 537 ; State Bank v. Johnson, 9 Ala. Rep. 367.]

3. If however, the subject is one of inquiry after judgment, and the court can institute an examination of the fact of credit, the plaintiff should have been permitted to show the credit was erased by mutual consent. This he could have done on a trial, and certainly he has the same right without one. If the fact is as the plaintiff proposed to show, then

Burt v. Hughes.

the defendant is taking advantage of his own wrong. [Lockhart v. McElroy, 4 Ala. Rep. 572; Givens v. Lawler, 9 Ib. 543.]

T. A. WALKER, contra, argued—

1. Our statutes provide, that any mistake may be amended, (Dig. 321, § 50,) and under these and similar statutes, the right of amendment has been often exercised. [Merchants' Bank v. Minthorne, 19 Johns. 244; Wilkerson v. Goldthwaite, 1 S. & P. 159; Brown v. Bartlett, 2 Ala. Rep. 29; Fuqua v. Carvill, Minor, 170; Clements v. Judson, Ib. 395; Draughan v. Tomb. Bank, 1 Stew. 66; Allen v. Bradford, 2 Ala. Rep. 281.]

2. The court properly refused parol proof to contradict the record. [15 John. 318; Thompson v. Miller, 2 Stew. 470 ! Armstrong v. Robertson, 2 Ala. R. 164.]

GOLDTHWAITE, J.—1. It seems there was no judgment rendered in the court below, on the petition for the *supersedeas*, and for this reason the writ of error would be premature, *if* the court had not also proceeded to correct the judgment rendered at the previous term.   As the case however, is before us, in all its aspects, we shall proceed to determine the questions arising on the record.

In Lockhart v. McElroy, 4 Ala. Rep. 572, we considered out statutory writ of *supersedeas* as standing in the stead of the common law writ of *audita querela*, but the claim of the petition in this case goes much further than that writ was ever held to extend.   In Viner's Abridgement—title *Audita Querela, E*—it is said the writ will lie only to present some matter of defence which the party could not plead to the suit when in progress.   Here the attempt is to set aside a judgment, for a matter of payment which the party could have pleaded.   In this view of the case, it seems clear the party could have no relief at common law, by the old writ of *audita querela*, and therefore is not entitled on this ground to a *supersedeas*.

2. But it is said there is another aspect in which the party is entitled to the writ, or to a judge's order to delay or stay the execution; and that is, because the clerk improperly en-

tered the judgment for too much, by omitting to reduce the sum of the note by the credit indorsed.   If the case was one of mere clerical misprision, there would be great force in this argument, but the petition shows the credit was erased before the entry of judgment.   Under the statute which authorizes the clerk to make an asesssment of the damages in certain actions upon default, &c., if a mistake is made by him in the sum of the judgment, whether he makes it too much or too little, the court may correct it *nunc pro tunc.*   [Merchants' Bank v. Thorne, 19 John. 244, and several cases in our own court cited in defendant's brief.]   But we are not aware of any adjudications which warrant the court in setting up a credit which is erased previous to the delivery to the clerk to assess the damages.   Such an inquiry would be an investigation of the contested claims of the suitors, and as well remarked, would be the very matter which should have been in issue.

Whatever relief the party is entitled to, we are clear that *supersedeas* is not his proper remedy.   [White v. Harris, 5 Hump. 421.]   We think the court erred in amending the judgment, under the circumstances disclosed, and that the petition should have been dismissed.

Judgment reversed and remanded.