## MATTHEWS *vs.* ROBINSON.

1. Defendant sold and delivered to plaintiff a slave, in consideration that plaintiff would pay all the debts then owing by defendant. Plaintiff afterwards commenced suit by attachment against C., to whom, at the time of the sale, defendant was indebted in the amount of a decree previously rendered against him in the Court of Probate in favor of C., and defendant was summoned as garnishee, and suffered judgment to be rendered against him, on which execution was afterwards issued. *It was held,*

That the execution could not be set aside, and satisfaction of the judgment be entered, on proof of this agreement.

ERROR to the Circuit Court of Wilcox.

Tried before the Hon. Robert Dougherty.

This was an appeal, from the refusal of a justice of the peace to quash an execution, issued on a judgment rendered by him in favor of Robinson against Matthews, as garnishee of one Commander. The motion to quash was predicated on the ground, that the judgment had been satisfied before the issuance of the execution. In support of the motion it was proved, that Matthews had sold and delivered to Robinson a slave, in consideration that he should pay all of his (Matthews') debts; that Matthews was at that time owing a decree to one Commander, which had been previously rendered against him in the Court of Probate; that Robinson afterwards commenced suit by attachment against Commander, and Matthews was summoned as garnishee; that before judgment was rendered against Matthews as garnishee, it was understood between him and Robinson, that he should allow judgment to be rendered against him, so that Robinson might not be compelled to pay the entire decree which Commander had previously obtained against Matthews, but might retain part of the amount in his own hands; that Matthews answered, admitting an indebtedness, and a judgment was accordingly rendered against him for the amount. An issue being submitted to the jury, the court charged them that, although Robinson, under his contract, might be bound to pay the decree against Matthews in the Court of Probate, yet if Matthews had allowed judgment to be rendered against

him as garnishee, with the understanding above stated, they must find the issue in favor of the plaintiff in execution.

A. P. BAGBY, for plaintiff in error.
JENKINS, *contra.*

GOLDTHWAITE, J.—There was no error in the charge. If the agreement by the defendant in error, to pay all the debts of Matthews, could have been set up by the plaintiff in error, to protect himself against the rendition of the judgment against him as garnishee, he did not insist upon it, but allowed judgment to go against him. This judgment, so far as this motion is concerned, is conclusive. The summary remedy substituted by our practice in the place of the *audita querela* cannot go behind it. Burt v. Hughes, 11 Ala. Rep. 571.

The judgment must be affirmed.