## WILKERSON, Admr. *vs.* VINSON.

1. The Court of Probate has not jurisdiction to compel an administrator to convey his intestate's interest in certain lands, which were sold by a firm in which the intestate was a partner, unless the intestate had entered into "bond or obligation to make title thereto."

ERROR to the Court of Probate of Russell.

A petition was filed in the Probate Court of Russell by Vinson against Wilkerson, administrator of Daniel McDougall, deceased, setting forth that a certain half section of land, situated in Russell, had been previously sold to the firm of James C. Watson & Co. by Tulse Tohola, and that the contract of sale had been approved by the President of the United States; that petitioner afterwards purchased these lands from James C. Watson & Co., and that the purchase money had been paid to Daniel McDougall, who was one of the firm or company of James C. Watson & Co.; that after such purchase and payment, McDougall departed this life, without having made to the petitioner title to the land, or

transferred the *approved contract*, as it was alleged was the agreement, that a patent might issue to the petitioner; that Alex. J. Robinson and James C. Watson were the other partners; that James C. Watson was dead, and his executor, John H. Watson, had transferred his interest to the petitioner, and that the other partner, Alex. J. Robinson, had also transferred his interest; and upon this state of facts the petitioner prays the Probate Court, to grant an order compelling the said Wilkerson, administrator of McDougall, to transfer to him the approved contract aforesaid, with a request that a patent may issue to the petitioner.

The petition was demurrred to, and the court overruled demurrer; and at the hearing, the facts of the petition being established by proof, the Probate Court granted such an order as that prayed for.

The overruling the demurrer and the decree of the court are assigned for error.

G. D. HOOPER, for plaintiff in error.

BELSER, *contra.*

PHELAN, J.—The jurisdiction of the Probate Court, "to compel an executor or administrator to make titles," upon petition filed in that court, is limited by the words of the statute (Clay's Dig. 157, § 38) to cases were persons owning lands sold them, and entered into "bond or obligation to make titles thereto," and died without making titles. In such a case, the executor or administrator can be compelled to make titles agreeably to the "bond or obligation given by the decedent."

It would be extending the jurisdiction thus conferred entirely beyond its proper limits, to hold that under this statute the Probate Court is competent to act in such a case as that presented by the record. Here there was no "bond or obligation to make titles," nor even a written agreement to make a transfer of the "approved contract" on the part of McDougall, the decedent, to the petitioner. See Griggs v. Woodruff, 14 Ala. 9.

The court was without jurisdiction in the case; its decree is reversed, and it is not necessary to remand.