## MARTIN *vs.* FOSTER'S EXECUTOR.

[ANNUAL SETTLEMENT OF EXECUTOR'S ACCOUNTS.]

1. *Marriage of female guardian.*—The marriage of a woman, who has been appointed and qualified as guardian of her infant children by a former husband, has the effect of joining her husband with her in the guardianship.
2. *Charge for board of ward allowable to guardian, but not as executor.*— There is no principle of law, which denies to the husband, who, by marriage, became guardian jointly with his wife of her infant children by a former husband, the right to charge his wards a reasonable sum for their board; but he cannot claim a credit for their board or tuition, on settlement of his accounts as executor of his deceased wife's will.

3. *What are assets in hands of husband as executor.*—Where the wife devises to her husband, in absolute right, her interest in a plantation on which their slaves are worked in common; and bequeaths all the residue of her property to him, in trust, after the payment of her debts, for her children; the husband is chargeable, on settlement of his accounts as her executor, with the hire of her slaves during the time he retains possession of them after her death.

4. *Payment by husband of debts contracted by wife* dum sola.—Under the provisions of the Code, the husband is not entitled, on settlement of his accounts as executor of his deceased wife, to a credit for debts contracted by the wife *dum sola*, and paid by him during the coverture, but not shown to have been paid at the instance or request of the wife; *secus*, as to such payments made by him after he had qualified as her executor.

APPEAL from the Probate Court of Macon.

IN the matter of the estate of Mrs. Martha A. Foster, deceased, on an annual or partial settlement by Benjamin F. Foster, who was her husband, of his accounts and vouchers as her executor. The testatrix and Benjamin F. Foster were married on the 3d October, 1857; she being at that time a widow, and having three infant children living, whose guardian she was by regular appointment from the probate court of Macon. The testatrix died in August, 1859, having executed and published her last will and testament, which was duly admitted to probate after her death, of which her husband was appointed the executor, and which contained the following provisions : "I will and devise to my husband, Benjamin F. Foster, all the interest which I may have in and to the plantation, situated, lying, and being in Macon county, now occupied by our negroes, and cultivated by my said husband; to him and his heirs forever. All the residue of my estate, of every kind and description, wherever the same may be situated, I will, devise, and bequeath to my said husband, in trust, first, for the payment of all the debts and liabilities existing against my estate, if any; and, after this is done, then in trust for my three children, Lizzie, Charles, and Peyton Martin. In the execution of this trust, I do hereby authorize and request my said husband to keep my children with him, and to use the negroes and other property in the same manner

44

as we have been accustomed to do during our coverture, and, out of the annual profits, to expend from time to time such sums as he may deem necessary in the education and moral training of my children;" "and when they severally arrive at the age of twenty-one years, or marry, I authorize and direct my said husband to apportion to each one one-third of all the property hereby vested in him for their benefit, and deliver the same into his or her possession."

The children were represented on the settlement by a guardian *ad litem*, who reserved several exceptions to the rulings of the court; and these rulings, which will be readily understood from the opinion, are now assigned as error.

MARTIN, BALDWIN & SAYRE, for appellants.

N. S. GRAHAM, *contra*.

STONE, J.—When the appellee intermarried with Mrs. Martin, he thereby became joined with her in the guardianship of her children by Mr. Martin, her former husband. *Carlisle v. Tuttle*, 30 Ala. 613–624. We know of no principle of law which denies to him the right to charge his wards a reasonable sum for their board. But neither this charge, nor the one for their tuition fees, accruing, as these items did, during coverture, can come up in the settlement of Mrs. Foster's estate. They are no charge against the collective estate, and can only be considered in adjusting the accounts between the appellee and the children.

[3.] Mrs. Foster, by her will, devised all the interest she had in the plantation in their possession, to Mr. Foster, her husband. She then bequeathed all the residue of her estate for the payment of all the debts and liabilities against her estate, and afterwards in trust for her three children, &c. Under this clause, it seems clear to us that Mr. Foster, in his settlement, should have been charged with the value of the use of the slaves for the two years after Mrs. Foster's death, as so much in his hands which should have gone towards the extinguishment of her debts. Whether,

in the after administration of this fund, there will not arise a question of personal trust which the probate court is incompetent to adjudicate, is a point not now before us.—See *Billingsley v. Harris*, 17 Ala. 214; *Vincent v. Rogers*, 30 Ala. 471.

[4.] Mr. Foster claimed, and was allowed, credits for several sums paid by him, during the coverture, on debts of Mrs. Foster, contracted before their marriage. There is no proof that these payments were made at the instance and request of Mrs. Foster, but, so far as we can learn, they were gratuitously made. Under these circumstances, these credits should not have been allowed.—*Williams v. Sims*, 22 Ala. 512. But, probably, there is another reason for their rejection. Mr. Foster, as trustee for his wife, was, no doubt, in the possession of the rents, income, and profits of her estate. The estate was considerable, as the record informs us. Now, although he was not liable to account with *her, her heirs, or legal representatives*, for the rents, income, or profits; still, so far as he applied the income to the payment of her debts, or for her use, he has no claim against her or her estate.—See *Rogers v. Boyd*, 33 Ala. 175. These must be regarded as so much gratuitously paid out, or as expenses incurred by him in keeping up the estate, in the successful working of which he was largely interested.

Payments made by Mr. Foster, after he became executor, of debts due by Mrs. Foster, stand on a different footing. The law makes it his duty to pay these debts, if assets sufficient come to his hands; and such payments, rightfully made, are a charge against the estate in his hands.

What we have said will probably be a sufficient guide on another trial.

Reversed and remanded.