## Gravett v. Malone.

### Supersedeas from Probate Court.

1. *Probate court; power of, to issue supersedeas.*—The probate court has authority, at the instance of a surety, when he denies the fact of suretyship, or that it was continuing when the decree was rendered against his principal, or alleges that the decree was obtained by fraud, to grant a *supersedeas* to control the execution it has issued, and parties who are under its jurisdiction, in enforcing it.

2. *Surety; how far bound by decree against principal.*—The settlement in the probate court, by the principal, is binding upon the surety, not because he is a party to the suit, but because it is an act his principal is, by law, required to perform, and is within the condition of the bond. Neither the settlement nor decree determines the fact of suretyship; or, if it once existed, that it continued.

3. *Same.*—If the suretyship was continuing when the decree was rendered against the principal, it is conclusive, in the absence of fraud, on the surety as well as the principal, of every matter which could have been urged against its rendition, and neither, on *supersedeas,* could go behind it.

4. *Same; supersedeas in, ground for.*—On *supersedeas* in such a case, the ground of relief must rest either on facts occurring subsequent to the decree, or, if it relates to antecedent facts, must show fraud in the decree, or a want of jurisdiction in the court, apparent on the record, or a denial of the fact of suretyship.

5. *Settlement; what void.*—An *ex-parte* settlement of a guardian in the probate court, made without a previous filing of accounts and vouchers, without notice, without auditing and allowance, or any other action by the court than administering an oath to the guardian as to their correctness, is wholly void as a final settlement.

APPEAL from Probate Court of DeKalb.
The facts are sufficiently stated in the opinion.

ELLIS & CALDWELL, for appellants.

TURNLEY & SON, contra.

BRICKELL, C. J.—We do not propose to pass on the rulings of the court, on the demurrer to the petition of the

appellee, nor on its sufficiency, or that of the pleadings styled pleas and replications. The merits of the controversy are disclosed by the evidence, and so far as is necessary to embody them in a proper application to the court of probate for relief, and, in an answer to it, an amendment in the court of probate can correct the deficiencies now apparent.

The facts are, that appellee was the surety of Malvina Gravett, the mother and guardian of appellant. As such guardian, she received assets to a considerable amount, and intermarried with one Joab Hendricks. In 1872, she made a final settlement of her guardianship, in the court of probate (her husband, said Hendricks, having previously died), on which a decree was rendered against her, in favor of appellant, for the sum of five hundred and six and forty-five one hundredth dollars. On this decree, an execution was issued against her and the appellant as her surety. The appellant filed his petition to the judge of probate, praying a *supersedeas* of this execution. The grounds on which the *supersedeas* was sought, and which are to be collected rather from the evidence offered on the hearing, than from the allegations of the petition, are, that soon after her intermarriage with Joab Hendricks, his principal ceased to be guardian, and the husband became guardian, under appointment from the court of probate. A final settlement of her guardianship was then made in the court of probate, and she fully accounted for, and paid over to her husband, the succeeding guardian, all the assets with which she was chargeable, and was discharged by the court.

It is insisted by the appellant that if these facts are true, the remedy of appellee is not by an application to the court of probate for a *supersedeas*; that the judge of that court is without authority to issue a *supersedeas,* and if he had the authority, these facts were matters of defense to and involved in the decree rendered, and cannot be inquired into on application for *supersedeas* of an execution. It is true the statute does not expressly confer on the probate judge, or the court of probate, authority to issue a writ of *supersedeas.* The court has, however, plenary jurisdiction to settle the accounts of a guardian, rendering a decree against him for the balance which may be ascertained to be due the ward, on which an execution may issue against the guardian and the sureties on his bond.—R. C. §§ 2449–50. It is provided by the Code that every court has power "to control, in furtherance of justice, the conduct of its officers, and all other persons connected with a judicial proceeding before it, in every matter pertaining thereto," and "to amend and control its process and orders, so as to make them conformable to law and justice."—R. C. § 638. The surety is not technically a party to

the decree rendered against the guardian, though, in the absence of fraud, it is conclusive on him.—*Chilton v. Parks*, 15 Ala. 671; *Williamson v. Howell*, 4 Ala. 693. The settlement is made without notice to him, and is conclusive on him, only because it is an act his principal, the guardian, is required by law to perform, and the due performance of which is within the condition of his bond. Neither the settlement nor decree involved or determined the fact of suretyship, or, if it had once existed, that it was continuing at the time the decree was rendered. The surety cannot be deprived of the right to litigate these questions. An execution is permitted to issue against him, because the bond on which he is supposed to be liable is of file, and a part of the records of the court, payable to, and approved by the judge. A presumption of its genuineness arises, and upon this presumption the statute proceeds, in authorizing final process against the surety, without intending to deny him the right to repel it, or to show no liability has arisen against him, if he does not seek to open, on some other ground than fraud, the decree against his principal.—*Elliott v. Mayfield*, 4 Ala. 417; *Clarke v. West*, 5 Ala. 117; *Treadwell v. Burden*, 8 Ala. 660. A *supersedeas* at the instance of the surety, when he denies the fact of suretyship, or that it was continuing when the decree was rendered against his principal, or that the decree was obtained by fraud, is a proper remedy by which the court can control the execution it may have issued, and the parties who are under its jurisdiction in enforcing it. If this be not a power inherent in the court, it is conferred by the provisions of the Code to which we have referred.

If the suretyship of the appellee was continuing when the decree was rendered against the guardian, that decree (if not fraudulent) was conclusive on him, as it was on his principal, of every matter of defense which could have been urged against its rendition; and, on an application for *supersedeas*, neither he nor his principal could go behind it and show that in fact the principal was not liable for the sum decreed against her, either because she had never received the assets with which she was charged, or, having received them, had accounted for them previously. That which forms the ground of relief on *supersedeas*, must either rest on facts occurring subsequent to the decree, such as satisfaction; or, if it relates to antecedent facts, must show fraud in the decree, or want of jurisdiction in the court, apparent on the face of the record; or a denial of the relation which authorizes execution.—*Burt v. Hughes*, 11 Ala. 571; *Mervine v. Parker*, 18 Ala. 241; *Matthews v. Robinson*, 20 Ala. 131; *McClure v. Colclough*, 5 Ala. 85.

The supposed final settlement of the guardian in the court

[Gravett v. Malone.]

of probate, made in 1853, as it appears in this record, is a mere nullity. It was wholly *ex-parte*, made without any previous filing of her accounts and vouchers by the guardian, without notice, without auditing and allowance by the court, or any other action by the court than the administration to the guardian of an oath as to their correctness by the presiding judge; there is no recognition of them by the court, not even an order that they be filed. It has not an element of a settlement in court, and appears to have been nothing more than a mere statement, made without purpose, verified by oath of its correctness, of the moneys the guardian had received and disbursed. It had no effect on the liability of the guardian, or on that of the appellee as her surety, beyond that of evidence against them, when a settlement should be had in the course of judicial proceedings.—*Willis v. Willis*, 16 Ala. 652. It is scarcely necessary to say that parol evidence, that it was intended as a final settlement, is not admissible, though it seems to have been received in the court of probate.

Though there may not have been a final settlement of the guardianship in the court of probate, yet it was permissible for the appellee, if he could, to show that his principal had ceased to be guardian, and had fully accounted to her successor in the trust, for all assets with which she was chargeable, thereby discharging herself from all further liability; and that the subsequent settlement was, with a knowledge of these facts on the part of all parties, made with the view of fixing a liability on him to which she, as principal, was unable to respond. The evidence offered, however, falls far short of establishing these facts. It does appear that after the marriage of the principal, her husband was, by the court of probate, appointed guardian, and gave bond as such, and made report to the court that, as such guardian, he had received the sum of eleven hundred and thirty-eight and ninety-one one hundredth dollars. This appointment was made without the resignation or removal of the principal of the appellee, and is void, inoperative to affect her liability or authority.—*Matthews v. Douthitt*, 27 Ala. 273. The marriage of the guardian had no other effect than to join the husband in the guardianship.—*Martin v. Foster*, 38 Ala. 688; *Carlisle v. Tuttle*, 30 Ala. 613. On the death of the husband, she was restored to the authority she had when the coverture commenced.—*Rambo v. Wyatt*, 32 Ala. 363; 2 Williams Ex'rs, 828, 1564. Therefore, so far as now appears, she was guardian when the decree was rendered in 1872, and that decree is conclusive on the appellee, authorizing the execution which was issued. The rulings of the court of probate were not in accordance with these views, and its

judgment quashing the execution must be reversed, and the cause remanded.