# Werborn *v.* Pinney.

*Motion to Quash Execution on Probate Decree.*

1. *Quashing execution; what grounds are available.*—On motion to quash or supersede an execution, which follows a judgment or decree regular on its face, only facts which have occurred since the rendition of the judgment or decree are available, or antecedent facts which show fraud in it, or a want of jurisdiction apparent on the record.

2. *Same; conclusiveness of probate decree.*—A decree being rendered against an executor, on final settlement of his accounts, and affirmed by this court on appeal, an execution issued on such decree can not be quashed or superseded, on the ground that the court had no jurisdiction of the settlement, because the will, of record in that court by probate, involved trusts which were cognizable exclusively in a court of equity.

3. *Decree in favor of married woman; presumption in favor of regularity.*—The rendition of a decree, on final settlement of an executor's accounts, in favor of a married woman alone, not joining her husband, is only an irregularity, available on error; and when the question is raised collaterally, as on motion to quash an execution issued on the decree, possibly the court would presume, in order to sustain the decree, that she had been made a free-dealer.

APPEAL from the Probate Court of Mobile.

Heard before the Hon. PRICE WILLIAMS, Jr.

This appeal was taken from a decree and judgment of said Probate Court, overruling and refusing a motion to quash an execution. The execution was issued on the 26th February, 1883, on a decree rendered by said court on the 11th July, 1881, in favor of Mrs. Amanda M. Pinney, who was the widow of A. M. Solomon, deceased, against George F. Werborn, on final settlement of his accounts as executor of the last will and testament of said Solomon; which decree was affirmed by this court on appeal, at the last term.—*Pinney v. Werborn,* 72 Ala. 58. The executor reserved exceptions to the overruling of his motion to quash the execution, and to the exclusion of the evi-

[Werborn v. Pinney.]

dence offered in support of his motion; and these rulings are now assigned as error.

F. G. BROMBERG, for appellant.—(1.) The will of the testator was matter of record in said court, and the court was bound to look at it in all proceedings relating to his estate. *Mosely v. Tuthill*, 45 Ala. 653. This will created personal trusts, which could not be settled in the Probate Court.—*Perkins v. Lewis*, 41 Ala. 666; *Ex parte Dickson*, 64 Ala. 192; *Mitchell v. Spence*, 62 Ala. 453. The will was so construed by this court, on the former appeal between these parties.—*Pinney v. Werborn*, 72 Ala. 58. The will itself, and the opinion of this court construing it, showed that the decree was void for want of jurisdiction; and the court erred in excluding this evidence. (2.) The decree shows on its face that Mrs. Pinney, in whose favor it was rendered, is a married woman; and her husband was a necessary party to the proceedings.—*Smith v. Hooper*, 20 Ala. 245; *Kavanaugh v. Thompson*, 16 Ala. 817; *Laird v. Reese*, 43 Ala. 148; *Evans v. English*, 61 Ala. 416; *Still v. Ruby*, 35 Penn. St. 373. (3.) The executor might have moved the court to vacate so much of the decree as was void for excess of jurisdiction, if he had been notified of the application for an execution; but, having had no notice, his only remedy was a motion to quash.—*Johnson v. Johnson*, 40 Ala. 247; *Summersett v. Summersett*, 40 Ala. 596.

D. H. LAY, and L. H. FAITH, contra, cited *Mervine v. Parker*, 18 Ala. 241; *Matthews v. Robinson*, 20 Ala. 130; *Marshall v. Candler*, 21 Ala. 490; *Gravett v. Malone*, 54 Ala. 19; *Powell v. Boon & Booth*, 43 Ala. 459.

STONE, J.—In July, 1881, George F. Werborn, as executor, came to a final settlement of the estate of Adolph Solomon, deceased, in the Probate Court of Mobile. On that final settlement, a money decree for some two hundred and three dollars was rendered against him, in favor of Mrs. Pinney, the surviving widow of the said Adolph Solomon. Mrs. Pinney appealed from said decree to this court, and the decree of the Probate Court was in all things affirmed.—*Pinney v. Werborn*, 72 Ala. 58. An execution was thereupon issued from the Probate Court of Mobile, to enforce the collection of said money decree, so affirmed in this court. Werborn then moved the Probate Court to quash said execution, on the alleged ground that it " was issued in excess of the powers of this [Probate] court, and in exercise of powers over a subject-matter not confided to this [Probate] court by the laws of Ala-

[Werborn v. Pinney.]

bama." The Probate Court overruled the motion to quash, and Werborn appealed to this court from that ruling.

The attempt was made in the Probate Court to show, by proof *aliunde*, that that court was without jurisdiction to render the decree, for the enforcement of which the execution had been sued out. It was not disputed that the execution pursued the decree, and it was not contended the decree had been obtained by fraud. The precise shape the contention took was, that, under the provisions of Mr. Solomon's will, limitations were imposed and trusts created, which ousted the jurisdiction of the Probate Court; and the court being without jurisdiction, the decree was void; and this was attempted to be shown by the introduction of the will, and other evidence *dehors* the record. All this came too late. It was an attempt, on *supersedeas*, to go behind the judgment, and to re-try questions which should have been brought up on the trial. On *supersedeas* of an execution, which follows a judgment regular on its face, the relief, to be available, must rest on facts occurring subsequent to the decree; or, if it relate to antecedent facts, must show fraud in the decree, or a want of jurisdiction in the court, *apparent on the record.*—*Gravett v. Malone*, 54 Ala. 19; *Mervine v. Parker*, 18 Ala. 241; *Matthews v. Robinson*, 20 Ala. 130; *Marshall v. Candler*, 21 Ala. 490.

The Probate Court is expressly and generally clothed with power and authority over the final settlements of executors and administrators; and the cases in which they have not such jurisdiction are exceptional, growing out of special trusts or equities shown, for which their powers are not plastic enough. These, when shown, deprive the court of jurisdiction. But they must be shown before final decree; and, to open the question for inquiry afterwards, the record must affirmatively show the existence of such exceptional facts. If parties proceed to final settlement and decree in disregard of them, and the court enters an ordinary decree—such as is common in final settlements—we are bound to presume, in favor of regularity, that no valid objection to the jurisdiction existed. And this presumption would be strengthened, if it were possible to make it stronger, by the fact that such decree was procured to be affirmed in a revising court, without objection on the score of jurisdiction.

It is objected further, that the probate decree was improperly rendered in favor of Mrs. Pinney, a married woman, instead of her husband and trustee for her use. We need not consider whether there is any thing in this objection. This, too, comes too late. If well taken, it is only matter of irregularity, which could be considered on error. Possibly, when the question is raised collaterally, as here, it would be our duty to

38

presume she had been made a free-dealer, to sustain the decree of the primary court. But, this alleged error was not even raised in the court below, as a ground for quashing the execution. We can only review the questions there raised and passed on, unless the proceedings were void on their face.

The judgment of the Probate Court is affirmed.