## Pearce *et al. v.* Hall *et al.*

*Petition by Sureties to quash an Execution Issued on a Judgment against a Guardian.*

1. *Sureties on sheriff's bond; liability for his acts as guardian.* Where a sheriff is appointed guardian by virtue of his office (Code of 1886, § 2377), he and his sureties become bound for all of his acts during the existence of the guardianship; and though the guardianship may cease with the expiration of his term of office, such termination of the guardianship does not relieve the sureties from liability for his failure to account for money received by him as guardian during his official term.

2. *Same; same; insufficient petition to quash execution issued on decree against sheriff as guardian.*—When after the expiration of the term of office of a sheriff, who had been appointed guardian by virtue of his office (Code of 1886, § 2377), a decree is rendered against him on his final settlement as guardian, upon which an execution is issued against the sureties on his official bond, a petition by such sureties to quash the execution, on the ground that the decree was rendered after his term of office expired, which does not negative the fact that the assets of the ward's estate with which their principal was charged were received by him before the expiration of his term of office, is insufficient; and this is especially true, when, as in this case, the final decree, set out in the petition, shows that such assets were received during his term.

APPEAL from the Probate Court of Marion.

Heard before the Hon. JASON P. FORD.

The proceedings in this case were had upon a petition filed by the appellants in the probate court of Marion county, on March 10, 1896. The petition averred that the petitioners, on December 17, 1896, became the sureties for W. R. H. Loden, on his official bond, as sheriff of Marion county, which bond was conditioned as required by law, for the faithful performance of his duties

as sheriff; that in August, 1888, his term of office expired, and he was succeeded as sheriff by one Frazier, who was elected sheriff of said county at the general election in August, 1888, and that Loden did not continue in office or discharge any of its duties after Frazier qualified and entered upon the duties of said office; that while Loden was sheriff of said county, he was appointed guardian of John F. and Joseph S. Dickinson, and that on December 27, 1893, after the expiration of Loden's term of office, a decree was rendered by the probate court of Marion county in favor of J. F. and Joseph S. Dickinson against said Loden, on final settlement of his guardianship of said minors' estate; that on December 5, 1895, an execution was issued upon this decree against said Loden, and the petitioners, as sureties on his official bond, and was placed in the hands of W. W. Hall, sheriff of said county, who executed it by levying upon the property of the petitioners, which was, at the time of the filing of the petition, advertised for sale under such levy.

The decree of the probate court on final settlement of Loden's guardianship was made an exhibit to the petition, and it recited that it was shown to the court that said guardian had received, as assets of the minors' estate, a certain designated sum, and had expended a certain portion of said assets, leaving a balance still due the minors, for the amount of which balance a decree was rendered against the guardian.

The petition further averred that the petitioners were in no way liable under said decree against Loden, as such guardian, and that the execution was wrongfully issued against them, and levied upon their property; that the defalcation or liability of Loden occurred long after the expiration of his official term, and the decree was rendered more than five years after the expiration of said term.

Hall, as sheriff, and John F. and Joseph S. Dickinson were made parties respondent to the petition; and the prayer of the petition was that the sheriff be restrained from making the sale as advertised, and that said decree be set aside and annulled, and that the execution issued thereunder be quashed. To this petition the respondents demurred, among others, upon the following grounds:
1. Because said motion to quash the execution shows

[Pearce *et al.* v. Hall *et al.*]

that the decree complained of is regular on its face, and the motion contains no averments of facts which have occurred since the rendition of the decree, which would release the movants from liability; nor does it aver any antecedent facts which show fraud in the decree, or a want of jurisdiction apparent on the record.

2. Because said motion avers that movants were discharged from liability when the successor of W. R. H. Loden was elected and qualified, but does not show any settlement by said Loden, as guardian of John F. and Joseph S. Dickinson, nor any judicial ascertainment of their said principal's liability before the 27th day of December, 1893, when the decree complained of was rendered by the probate court of Marion county.

3. Because said motion avers that movants' contract of suretyship expired on the first Monday in August, 1888, but said motion does not state any facts showing such discharge, but shows that movants were not released as such sureties of said Loden, and are now bound in law to pay the decree rendered against their said principal on the 27th of December, 1893.

On the submission of the cause upon the demurrers, the court rendered a decree sustaining them and the petitioners declining to amend their petition, it was ordered that it be dismissed. From this decree the petitioners appeal, and assign the rendition thereof as error.

DANIEL COLLIER, for appellants.—The statute, (Code of 1886, § 2664), does not authorize a decree against the principal and the sureties on his official bond. It only authorizes a decree against him, and executions in a proper case may issue against his sureties by virtue of such decree.—*Smith v. Jackson*, 56 Ala. 25; *Chancy v. Thweatt*, 91 Ala. 330.

2. Although the appellees might have their remedy against the sureties by a suit on the bond any time before the same is barred by statute of limitation, this summary proceeding can not be exerted to enforce a decree which was rendered after the contract of suretyship ended; and for five long years after the expiration of the official term, as in this case. The words of the bond, and in this extraordinary and summary proceeding, the terms of the obligation are strictly construed. They provide only for Loden's default while he contin-

[Pearce *et al.* v. Hall *et al.*]

ues in office, or discharges any of the duties thereof. The contract is strictly construed, and can not be extended to any other person, or to any other object, or to, or for any other period of time. A judgment or decree is never evidence of the existence of a debt prior to the judgment or the decree. This has often been decided in Alabama. "The judgment is evidence of the existence of a debt at the time of the rendition, and only at that time." Therefore, under the facts of this case, the petitioners, as sureties on the official bond of Loden, were not liable.—*City Council v. Hughes*, 65 Ala. 204 ; *Yeend v. Weeks*, 104 Ala. 330 ; *Cobb v. Thompson*, 87 Ala. 383 ; *Brewer v. King*, 63 Ala. 517 ; *Jewett v. Hoogland*, 30 Ala. 719 ; *Gravett v. Malone*, 54 Ala. 10 ; *Chilton v. Parks*, 15 Ala. 671 ; *Williamson v. Howell*, 4 Ala. 693 ; Burge on Suretyship, 69.

W. C. Davis and Nesmith & Nesmith, *contra.*—1. In the absence of fraud, the sureties of an administrator or guardian are concluded by the final settlement of the principal in the probate court ; they are estopped from denying the validity of said decree.—*Ragland v. Calhoun*, 36 Ala. 612 ; *Slatter v. Glover*, 14 Ala. 648.

2. There is nothing in the contention of the appellants that the final settlement and that the decree was rendered after W. B. H. Loden's term of office had expired, as set forth. The bond upon which the appellants are sureties, however, acted and will be construed to be the same as if the said W. R. H. Loden had executed said bond as guardian. If the sureties had any defense it was their duty to appear and make the defense upon final settlement of the principal of his guardianship in the probate court. Failing to do this, they are estopped as the court found and decreed that said Loden received the money of the appellees while acting as sheriff and guardian before his term of office as sheriff had expired. *Gravett v. Malone*, 54 Ala. 19 ; *Ragland v. Calhoun*, 36 Ala. 612.

3. It was held in *Banks v. Spears*, 97 Ala. 563, as to the extent of a judgment, that the decree was rendered against a personal representative in his personal capacity. Its binding force on him and his sureties has been very often considered by the court. It has always been held that such a judgment or decree, if permitted to stand, is conclusive on the personal representatives and sureties

of the amount due and owing from him as such representative, and that he has in his hands sufficient assets for the payment thereof, and that he had received the money for which the decree was rendered while acting as sheriff before his term of office expired. These presumptions he will not be heard to gainsay or deny, as to the effect as to his sureties, and it has been uniformly ruled that the sureties are bound and concluded by the decree rendered precisely and to the same extent as the principal.—See also *Lampkin v. Heyer*, 19 Ala. 228; *Kyle v. Mays*, 22 Ala. 695; *Seawell v. Buckley*, 54 Ala. 592; *Glenn v. Billingslea*, 64 Ala. 345.

COLEMAN, J.—In December, 1886, W. R. H. Loden executed his official bond as sheriff of Marion county, with petitioners (appellants) as sureties. His term of office expired in 1888, as shown by the abstract. By virtue of his office as sheriff and during its term, he was appointed guardian. In December, 1893 he filed his account and vouchers for a final settlement of his guardianship, in the probate court of Marion county, which court rendered a decree against him on his said final settlement. Execution issued upon this decree against him and his sureties. The sureties (appellants) thereupon filed their petition, and prayed that the execution be quashed. The ground of the petition seems to be that at the time of the rendition of the decree, the term of office of their principal had expired, and that they were not bound as sureties on his official bond by such a decree. One argument is, that the decree does not imply a liability prior to the date of its rendition; and the other is, that the sureties of the sheriff on his official bond are not bound for his acts after the expiration of the term of office.—*Gravett v. Malone*, 56 Ala. 25; *Yeend v. Weeks*, 104 Ala. 331. Conceding that both propositions are true in a proper case, these principles have no application to the facts as presented in the petition. When the sheriff was appointed guardian by virtue of section 2377 of the Code of 1886, and by the condition of his bond, the sheriff and his sureties became bound in all respects so long as his guardianship continued, as if the bond had been specially executed by him as guardian. The petition nowhere negatives the fact that the money received by him, and with which he was charged on final settlement, was received before the

expiration of his term of office; while the decree of the court, rendered on final settlement, which is made an exhibit to the petition, admits of no other construction than that the money was paid over to him during his official term as sheriff, and while he was guardian. Having been appointed guardian by virtue of his office as sheriff, it may be that his guardianship expired with the termination of his official office as sheriff; but the termination of his guardianship no more relieved him from liability for money received by him as guardian during his official term, than death or resignation of the guardian would discharge his sureties from accountabilily. If the money had in fact been received by him after the expiration of his term as sheriff, which also terminated his guardianship, the cases would have been more analogous and in point. We do not say that in such a case, by a proper proceeding in a court of jurisdiction, the sureties would not be relieved. We have no such case before us.—*City Council v. Hughes*, 65 Ala. 204; *Gravett v. Malone*, 54 Ala. 19, *supra*. If the contention of appellant was sound, there was never a time in which his sureties could be held liable for the money received by their principal. There was no ground to force the guardian to a final settlement, during his term of office as sheriff, and according to appellants' contention, the liability of the sureties ceased with the expiration of his term of office. Such is not the law.

The judgment and decree of the probate court, refusing the relief prayed for, and dismissing the petition, is in all things affirmed.

Affirmed.